UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Calvin Flemmings,

            Plaintiff,

v.

Bilateral Credit Corp, LLC,

           Defendant.

Civil Action No.: _____

# COMPLAINT

For this Complaint, the Plaintiff, Calvin Flemmings, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Calvin Flemmings (hereafter "Plaintiff"), is an adult individual whose residence is in Upper Marlboro, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Bilateral Credit Corp., LLC. (hereinafter "Defendant"), is a limited liability partnership with an address of 141 West 28th Street, New York, New York 10001, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant called the Plaintiff every day for a period of two weeks.

10. The Defendant threatened the Plaintiff saying "there is an easy and a hard way to do this."

11. The Defendant used rude and abusive language during telephone conversations with the Plaintiff.

12. The Defendant threatened to send the Plaintiff's debt to an attorney and file a lawsuit.

13. The Defendant solicited checks with future payment dates from the Plaintiff.

14. The Defendant and the Plaintiff agreed to a payment schedule, but the Defendant withdrew money from the Plaintiff bank account prior to the agreed upon date.

15. The Defendant did not notify the Plaintiff within three days prior to withdrawing monies from his account.

16. The Defendant reported the debt to credit reporting agencies.

17. The Defendant failed to report the debt as disputed upon receiving a notice of dispute from the Plaintiff.

18. The Defendant did not remove the debt from the Plaintiff's credit report after the Plaintiff paid the debt.

19. As a result of the Defendant failing to remove the debt, the Plaintiff's credit score was reduced, the Plaintiff's interest rates were increased, and the Plaintiff was denied loans from three separate banks.

20. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

23. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

25. The Defendant failed to report that the debt was disputed to the credit bureaus, in violation of 15 U.S.C. § 1692e(8).

26. The Defendant attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit, in violation of 15 U.S.C. § 1692f(2).

27. The Defendant solicited a post-dated check from the Plaintiff through threats of criminal prosecution, in violation of 15 U.S.C. § 1692f(3).

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
MD. CODE COMM. LAW § 14-201, *et seq.***

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

32. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

33. The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

34. The Defendant used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

35. The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

36. The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

40. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to his home and failing to remove false credit information from his credit report.

41. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

42. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

44. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
**VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES**
**MD. ANN. CODE BUS. REG. § 7-101** *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Defendant is a "collection agency" as defined by MD.Ann.Code. Bus. Reg. § 7-101(c).

47. As a collection agency doing business within the state of Maryland, the Defendant is required to obtain a license under MD.Ann.Code. Bus. Reg. § 7-301(a) and to execute a surety bond under MD.Ann.Code. Bus. Reg. § 7-304(a).

48. The Defendant is not in good standing and its license status is marked "forfeited" for "failure to file property return for 2008," as indicated by the Maryland Department of Assessments and Taxation.

49. Under MD.Ann.Code. Bus. Reg. § 7-401(a), a person may not willfully or knowingly do business as a collection agency unless properly licensed.

50. The Defendant is subject to the penalties imposed under MD.Ann.Code. Bus. Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the state of Maryland and the Plaintiff is, therefore, entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD.Ann.Code. Bus. Reg. § 7-401(b);

6. Actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 8, 2009

        Respectfully submitted,

        By__/s/ Forrest E. Mays_____

        Forrest E. Mays (Bar No. 07510)
        2341 N Forrest Drive, Suite 90
        Annapolis, MD  21403
        Telephone: (410) 267-6297
        Facsimile: (410) 267-6234
        Email: mayslaw@mac.com
        MD Bar No. 07510

        Of Counsel To
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666